The STATE of Oklahoma, Appellant,

v.

John LOWE, Appellee.

No. O-79-557.

Court of Criminal Appeals of Oklahoma.

March 9, 1981.

Rehearing Denied April 28, 1981.

Bill Roberson, Dist. Atty., David Welch, Asst. Dist. Atty., Chandler, for appellant.

Larry K. Lenora, Erwin, Butts & Lenora, P. C., Chandler, for appellee.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Chief, Criminal Division, State of Oklahoma, Oklahoma City, for amicus curiae.

OPINION

BUSSEY, Judge:

The State appeals to this Court under Rule VI of the rules of this Court from

an order of the District Court of Lincoln County affirming an order of the magistrate in Case No. CRF–7946 granting a motion to quash, or demurrer to the information, in that case on the ground of impermissible joinder of offenses in a single information, in violation of 22 O.S.1971, § 404. This holding conflicts with the previously expressed view of this Court that § 404 was repealed by implication upon enactment of 22 O.S.1971, §§ 436 and 440. See *Dodson v. State*, 562 P.2d 916 (Okl.Cr. 1977) (Brett, J., specially concurring); and *Phelps v. State*, 598 P.2d 254 (Okl.Cr.1979). Appellee urges the reexamination of the *Dodson* holding by comparing 22 O.S.1971, §§ 436 et seq. to similar federal rules of criminal procedure. However, we are not persuaded that the *Dodson* rule should be re-examined. We reaffirm the view expressed therein. The rulings of the trial court and magistrate were in error.

 Moreover, the proper method for challenging alleged prejudicial joinder under § 436 and *Dodson* is by application under 22 O.S.1971, § 439, rather than demurrer. Other arguments urged by appellee in support of the orders seem predicated on a characterization of the magistrate's action as a severance due to prejudicial joinder. However, due to the lower courts' reliance on § 404 in violation of *Dodson*, and due to the treatment of the issue in those courts as a Rule VI challenge to the granting of a demurrer or motion to quash the information, we will also deal with the case in that posture, and remand without prejudice to a proper application for relief from prejudicial joinder. The magistrate or trial court may then consider the issue apart from an erroneous reliance on Section 404.

BRETT, P. J., and CORNISH, J., concur.